UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MELISSA FRANKLIN           :
                           :
    v.                     :    C.A. No. 15-184S
                           :
PEPSICO, INC.              :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This employment case was removed to this Court from Rhode Island Superior Court on May 6, 2015. A Rule 16 Conference was held on June 9, 2015 and a scheduling order was entered. (Document No. 4). On September 24, 2015, Plaintiff's counsel moved to withdraw his appearance. (Document No. 5). On that same date, Plaintiff filed a pro se Motion to extend pretrial deadlines and indicated that her lawyer was no longer representing her "due to conflict," and that she needed more time to find a lawyer. (Document No. 6). Plaintiff's counsel was allowed to withdraw from the case, and Plaintiff was granted a ninety-day extension.

Plaintiff has not retained a new attorney. On December 22, 2015, she requested a court-appointed attorney[1] and another extension of deadlines. (Document Nos. 7 and 8). In addition, Defendant moved on January 11, 2016 to compel Plaintiff to respond to its discovery requests. (Document No. 11). These Motions were originally scheduled for hearing on February 5, 2016 and later rescheduled due to a snow emergency. Plaintiff was notified of the cancellation by telephone and advised that the hearing would be rescheduled. Her mailing address was verified, and a notice

---

[1] Plaintiff has no right to Court-appointed counsel in this civil case. See DesRosiers v. Moran, 949 F.2d, 15, 23-24 (1st Cir. 1991). Although this Court has a Plan for Pro Bono Representation in civil cases, it is a voluntary program and available to individuals who have been granted in forma pauperis ("IFP") status. Plaintiff has not sought relief under the Plan nor has she sought IFP status.

rescheduling the hearing was mailed to her residence. Plaintiff did not appear for the rescheduled hearing and did not request that it be moved again. It is apparent to the Court that Plaintiff has been unable to secure an attorney and has chosen to discontinue her pursuit of this case.

Because Plaintiff failed to appear at the February 18, 2016 hearing, the Court denied her Motions and entertained an Oral Motion to Dismiss for failure to prosecute from Defendant's counsel. Based on the foregoing history and Plaintiff's non-appearance, I recommend that Defendant's Oral Motion to Dismiss for failure to prosecute be GRANTED pursuant to Rule 41(b), Fed. R. Civ. P., and that the Court enter Final Judgment in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 18, 2016